PROB 12C
(6/16)

Report Date: June 20, 2018

## United States District Court

for the

Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 21, 2018

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Richard James Peone          Case Number: 0980 2:17CR00181-RMP-1

Address of Offender: ███████████, Spokane, Washington 99205

Name of Sentencing Judicial Officer:  The Honorable Rosanna Malouf Peterson, Senior U.S. District Judge

Date of Original Sentence: February 20, 2018

Original Offense:         Escape From Custody, 18 U.S.C. § 751(a)

Original Sentence:        Prison - 153 days              Type of Supervision: Supervised Release
                          TSR - 36 days

Asst. U.S. Attorney:      George JC Jacobs, III          Date Supervision Commenced: March 5, 2018

Defense Attorney:         Andrea George                  Date Supervision Expires: March 4, 2021

### PETITIONING THE COURT

To issue a warrant.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number | Nature of Noncompliance

1 | **Standard Condition # 7**: You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence**:On March 5, 2018, supervision commenced in this matter.  The U.S. Probation Office transported Richard Peone from the Spokane County Jail to the Spokane Residential Reentry Center (SRRC).  That same day, a supervision intake was completed. Mr. Peone signed a copy of his judgment, acknowledging an understanding of the conditions imposed by the Court, which includes standard condition number 7, as noted above.

Mr. Peone violated the terms of his supervised release by failing to report a change in employment on or about June 4, 2018.

Prob12C
**Re: Peone, Richard James**
**June 20, 2018**
**Page 2**

On May 14, 2018, Mr. Peone secured employment. On June 12, 2018, the undersigned officer had telephone contact with Mr. Peone. During the phone call, Mr. Peone indicated he was still employed. On June 13, 2018, contact was made with an employee who indicated Mr. Peone was no longer employed. On June 18, 2018, contact was made with a manager at his place of employment who advised Mr. Peone is no longer employed, due to not showing up for work. He advised Mr. Peone last showed up for work approximately 2 weeks prior.

2  **Special Condition # 2**: You must complete a mental health evaluation and follow any treatment recommendations of the evaluating professional which do not require forced or psychotropic medication and/or inpatient confinement, absent further order of the court. You must allow reciprocal release of information between the supervising officer and treatment provider. You must contribute to the cost of treatment according to your ability to pay.

**Supporting Evidence**: On March 5, 2018, supervision commenced in this matter. The U.S. Probation Office transported Richard Peone from the Spokane County Jail to the Spokane Residential Reentry Center (SRRC). That same day, a supervision intake was completed. Mr. Peone signed a copy of his judgment, acknowledging an understanding of the conditions imposed by the Court, which includes special condition number 2, as noted above.

Mr. Peone violated the terms of his supervised release by failing to appear for mental health services on or about June 15, 2018, and since.

On May 4, 2018, Mr. Peone reported to the U.S. Probation Office. At that time, he was referred for a mental health evaluation with Robert Shepard. Mr. Peone ultimately had his mental health evaluation scheduled for May 22, 2018; however, he failed to appear for that appointment.

His mental health evaluation was rescheduled to May 30, 2018. It was recommended that he attend 2 counseling sessions per month. His first mental health counseling session was scheduled for June 15, 2018. On June 12, 2018, during a phone discussion with Mr. Peone, he was reminded of this appointment. On June 15, 2018, the undersigned officer was contacted by Robert Shepard, who reported that Mr. Peone failed to appear for his appointment.

That same day, Mr. Peone was contacted. He indicated he forgot about the appointment. He was directed to call Mr. Shepard that same day to get a new appointment scheduled.

On June 19, 2018, the undersigned officer had a phone discussion with Mr. Peone. He stated he did not call Robert Shepard to get his first appointment rescheduled.

On June 20, 2018, Robert Shepard was contacted. He advised Mr. Peone has not reached out to him to reschedule his missed appointment.

3  **Special Condition # 4**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

Prob12C
**Re: Peone, Richard James**
**June 20, 2018**
**Page 3**

**Supporting Evidence**: On March 5, 2018, supervision commenced in this matter. The U.S. Probation Office transported Richard Peone from the Spokane County Jail to the Spokane Residential Reentry Center (SRRC). That same day, a supervision intake was completed. Mr. Peone signed a copy of his judgment, acknowledging an understanding of the conditions imposed by the Court, which includes special condition number 4, as noted above.

Mr. Peone violated the terms of his supervised release by failing to engage in outpatient substance abuse treatment services on or about May 8, 2018, or since.

On May 3, 2018, Mr. Peone discharged from inpatient treatment at Pioneer Center East. Numerous efforts were made to have Mr. Peone comply with his required intensive outpatient treatment.

On May 25, 2018, Mr. Peone reported with a representative from the Federal Defenders Office (FDO). His treatment expectations were once again discussed. Mr. Peone agreed to commence treatment at Spokane Addiction Recovery Center (SPARC). That same day, the undersigned officer was contacted by the FDO via email, with a proposal to allow Mr. Peone to forgo intensive outpatient services for an alternate plan they had created for him. That plan was ultimately not approved, as it did not satisfy the treatment component of Mr. Peone's conditions, nor did it utilize services of a state certified treatment program.

The FDO then filed a motion with respect to the proposal for Mr. Peone. On June 12, 2018, the undersigned officer met with the Court as a result of the motion filed. The Court advised that Mr. Peone was required to engage in intensive outpatient services as directed, pending additional information being provided by the FDO.

On June 12, 2018, Mr. Peone was contacted and advised of the directive of the Court. Mr. Peone agreed to comply and go to SPARC the following day to start treatment services.

On June 19, 2018, Mr. Peone was contacted. Mr. Peone had not yet started treatment services as required.

4    **Standard Condition # 2**: After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.

**Supporting Evidence**: On March 5, 2018, supervision commenced in this matter. The U.S. Probation Office transported Richard Peone from the Spokane County Jail to the Spokane Residential Reentry Center (SRRC). That same day, a supervision intake was completed. Mr. Peone signed a copy of his judgment, acknowledging an understanding of the conditions imposed by the Court, which includes special condition number 2, as noted above.

Mr. Peone violated the terms of his supervised release by failing to report on or about June 20, 2018.

On June 19, 2018, Mr. Peone was directed to report on June 20, 2018, by 10:00 a.m. On June 20, 2018, Mr. Peone failed to report.

Prob12C
**Re: Peone, Richard James**
**June 20, 2018**
**Page 4**

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the defendant to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    June 20, 2018

s/Melissa Hanson

Melissa Hanson
U.S. Probation Officer

---

THE COURT ORDERS

[ ]    No Action
[X]    The Issuance of a Warrant
[ ]    The Issuance of a Summons
[ ]    Other

Signature of Judicial Officer

6/21/2018

Date